414 So.2d 310 (1982)
STATE of Louisiana
v.
Willie JACKSON.
No. 82-K-0043.
Supreme Court of Louisiana.
May 17, 1982.
*311 Barry J. Landry of Law Office of Daniel E. Becnel, Jr., Reserve, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Morel, Dist. Atty., Abbott J. Reeves, John M. Crum, Jr., Asst. Dist. Attys., for plaintiff-respondent.
CALOGERO, Justice.
In this matter, the state attacks the pre-trial ruling of the trial judge suppressing defendant's confession. Because the testimony on the trial of the motion to suppress does not support the ruling that the statement was the product of promise or inducement, the ruling suppressing the confession is reversed.
Defendant was charged by bill of information with aggravated burglaries in Reserve and LaPlace, St. John the Baptist Parish, in violation of La.R.S. 14:60. Defendant entered a plea of not guilty and filed a motion to suppress a statement made shortly after his arrest. Following a hearing on the motion, the trial judge ordered the statement suppressed. We granted the state's application for review of that ruling. State v. Jackson, 411 So.2d 459 (La.1982).
Approximately twelve hours after his arrest for possession of narcotics and possession of stolen property, defendant made a statement. In his motion to suppress, defendant alleged that the statement was made "under the influence of fear, duress, intimidation, menaces, threats, inducements and promises, and/or without [his] having been advised of his right to remain silent, right to counsel, etc." At the hearing on the motion to suppress, defendant called no witnesses; rather, defense counsel actively cross-examined the three policemen called by the state.
The state called as witnesses the three policemen who were present part or all of the time defendant was making the statement. These witnesses all testified that defendant was given the Miranda rights. The rights also appear at the top of the form on which defendant's signed statement was typed. There is no serious contention that defendant was not advised of his constitutional rights prior to making the statement. The only question is whether *312 defendant inculpated himself as a result of impermissible inducements or promises, with the state having the burden to show that he did not.
Gene Fuselier of the St. John the Baptist Parish Sheriff's Office was the state's first witness. He testified that he had assisted in the taking of defendant's statement and that no coercion or threats were used. On cross-examination, defense counsel asked Deputy Fuselier whether he or others taking the statement ever told defendant that if he cooperated, such would be brought to the attention of the district attorney and the court, and that such cooperation might or might not help him. Deputy Fuselier answered that he did not recall having done so and did not know whether someone else may have. On further questioning by defense counsel, Deputy Fuselier admitted that he had in the past told other defendants that their cooperation would be brought to the attention of the district attorney, there being no guarantee that making the statement would help them. Defense counsel further pursued the issue: "Isn't it a possibility in this case you told this defendant that?" Fuselier responded that he did not recall telling defendant that. Defense counsel then asked: "Do you recall not telling him?" Fuselier replied: "No, I don't recall not telling him. I don't think I did."
William Rodrigue and Percy Terry, also of the St. John the Baptist Parish Sheriff's Office testified that they were present while defendant was making the statement and that they did not recall hearing Fuselier tell defendant that his cooperation would be brought to the attention of the district attorney. Rodrigue further testified that he did not tell defendant this either. Terry did not talk with defendant during the taking of the statement.
The trial judge ruled that the statement should be suppressed because defendant
was told that if he made a statement that that statement would be given to the District Attorney. While they did not guarantee or they could not guarantee that that would do any good; that it could. That is plain ordinary hope of reward, hope of leniency. There is no doubt about it.
When the prosecutor protested that he had not heard the witnesses say that that happened in this case, the trial judge stated that he thought that he had heard Fuselier state very clearly that it had been done in this case, and in several previous cases.
It is well settled that confessions obtained by "any direct or implied promises, however slight, [or] by the exertion of any improper influence, are involuntary and inadmissible as a matter of constitutional law." Bram v. United States, 168 U.S. 532, 542-543, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573 (1897). Therefore, when the state seeks to introduce into evidence an inculpatory statement, it has the burden to prove beyond a reasonable doubt that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 15:451; La.C.Cr.P. art. 703; State v. Edwards, 406 So.2d 1331 (La. 1981); State v. Kersey, 406 So.2d 555 (La. 1981); State v. Petterway, 403 So.2d 1157 (La.1981).
The admissibility of a confession is in the first instance a question for the trial judge and his conclusions on the credibility and weight of the testimony relating to the voluntary nature of the statement will not be overturned unless they are not supported by the evidence. State v. Edwards, supra; State v. Kersey, supra; State v. Manning, 380 So.2d 46 (La.1980). In the case under review, Deputy Fuselier did not testify that he told defendant that the statement would be given to the district attorney as the trial judge thought he had. Fuselier testified that he did not recall telling defendant this.
In any event, even had Fuselier told defendant that were he to make a statement it would be brought to the attention of the district attorney, that alone would not render the statement inadmissible. Recent cases decided by this Court have held that merely telling a defendant that his cooperation would be brought to *313 the attention of the district attorney does not constitute a disqualifying inducement. State v. Petterway,[1]supra; State v. Dison, 396 So.2d 1254 (La.1981); State v. Vernon, 385 So.2d 200 (La.1979). For these reasons we find that the trial judge erred when he suppressed defendant's statement.

Decree
The ruling of the trial judge suppressing defendant's confession is reversed and the case remanded to the district court.
REVERSED AND REMANDED.
DIXON, C. J., concurs.
NOTES
[1] In some respects, this case is similar to Petterway in which defendant confessed a short time after his arrest and during his first encounter with the interrogating officer. We observed that the police did not have repeated interviews with defendant before obtaining his statement. As noted above, this defendant confessed only a few hours after his arrest. According to the testimony at the hearing on the motion to suppress, the confession occurred the first time defendant was questioned.