CARTER, Judge.
This criminal appeal arises from the conviction of Raymond DeBoue of cruelty to a juvenile in violation of LSA-R.S. 14:93. Defendant waived jury trial and was tried by a judge alone and found guilty as charged. Defendant was then charged by a bill of information as a second felony offender and was found to be a second felony offender. In conformity with the provisions of LSA-R.S. 15:529.1, defendant was sentenced to imprisonment at hard labor for a period of twenty years. Defendant appeals his conviction alleging two assignments of error.
FACTS
The victim, Edward Nora, was an eighteen month old child of the woman who resided with the defendant. On or about March 16, 1983, defendant and the mother of the child, Lorraine Nora, had been arguing and apparently defendant was provoked with Lorraine Nora as well as with the child. He became more upset when Edward urinated on himself and after slapping the child with his hand several times, he placed the child in a bathtub in which he had drawn approximately an inch of tap water. Defendant then opened the hot water tap and filled the tub approximately to the level of the child’s waist. Defendant ignored Edward’s screams and cries and forced the child to remain in the scalding hot water for several minutes, although the child tried to get out of the tub. When the child was removed from the tub, defendant and Lorraine Nora noticed blisters on his legs and lower parts of his body. They left to purchase salve, but when they noticed that blisters had formed over the bottom half of the child’s body, it was obvious that the child needed immediate medical attention. He was taken to a hospital where medical attendants alerted law enforcement officers.
Edward was admitted to an intensive care unit with second and third degree burns covering thirty-five to forty percent of his body. He remained in the hospital for approximately five months during which time he received treatment and therapy each day of his hospitalization. Just to change the bandages was so painful that the child required sedation each day. The doctor who treated Edward at the hospital testified that the child’s injuries could have resulted in his death in that the burns were so severe that four toes of one foot were completely burned off and the heels of his feet had no skin left to cover the exposed bone. Although his condition is now stable, he will need numerous skin grafts and physical and psychological therapy for many years.
The trial judge concluded that the crime and the manner in which the defendant inflicted cruelty on this child was the most aggravated instance of child abuse that the court had ever encountered.
*191 ASSIGNMENTS OF ERROR
Defendant-appellant, Raymond DeBoue, relates the following assignments of error:
(1) The trial judge erred when it allowed the hearsay testimony of Detective Bill Marchand into evidence at the trial; and,
(2) The trial judge erred when it denied defendant’s motion for acquittal based on LSA-C.Cr.P. art. 778.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the testimony of Detective Bill Marchand as to defendant’s age at the time of the commission of the offense was hearsay and should have been excluded from evidence. Further, defendant argues that the State presented no other competent evidence that defendant was over the age of 17 years at the time of the commission of the crime and as such failed to prove an essential element of the crime with which he was charged, cruelty to a juvenile as defined in LSA-R.S. 14:93.[1]
However, defendant overlooks an exception to the hearsay rule wherein hearsay testimony relating to an admission of a defendant is admissible. State v. Lewis, 416 So.2d 921 (La.1982). The rules governing the admissibility of confessions are applicable to admissions involving the existence of an inculpatory fact, especially when such is an essential element of the offense charged. State v. McGraw, 366 So.2d 1278 (La.1978). However, the State must prove beyond a reasonable doubt that the admission was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Jackson, 414 So.2d 310 (La.1982).
Detective Marchand testified that during booking procedures defendant had stated his birthdate. Defense counsel objected on the grounds that such an out-of-court statement was hearsay and the trial judge held the defendant’s statement was an admission against his interest. The trial judge then proceeded to require the State to lay a foundation before the evidence could be admitted. Following the hearing on the predicate, having satisfied himself that defendant had given his birthdate freely and voluntarily and without coercion or promises, the trial judge overruled defendant’s objection and properly allowed Detective Marchand to state defendant’s birth-date as told to him by defendant. The State had therefore borne its burden of proving that defendant was over the age of 17 at the time of the commission of the crime and this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court improperly denied his Motion for Acquittal under LSA-C.Cr.P. 778,[2] contending again that the State failed to present sufficient evidence to prove beyond a reasonable doubt that defendant was guilty of each element of the crime, charging more specifically that the State failed to prove that defendant was over the age of 17 years.
We have previously concluded in our treatment of Assignment of Error No. 1 that the evidence as to the age of defend *192 ant was properly admitted. We have further reviewed the evidence and testimony under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and LSA-C.Cr.P. art. 778 and find the evidence and testimony sufficient to sustain defendant’s conviction.[3] It is clear that the evidence, when viewed in the light most favorable to the State, proves defendant guilty of each essential element of the crime charged beyond a reasonable doubt. LSA-C.Cr.P. art. 821. There is no merit to this assignment of error.
Therefore, for the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA-R.S. 14:93 provides:
§ 93. Cruelty to juveniles
"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more than ten years, with or without hard labor, or both.”

. LSA-C.Cr.P. art. 778 provides:
Art. 778. Motion for acquittal
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of. the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denied a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense.”

. Denial of a motion for acquittal may be reversed on appeal only if there is no evidence of the crime charged or no evidence of an essential element thereof. State v. Hargrave, 411 So.2d 1058 (La.1982).