GULOTTA, Judge.
In this writ application, the State complains that the trial court erred in suppressing evidence of the defendant’s inculpatory response during conversation with a police officer shortly after his arrest. We granted certiorari and ordered oral argument.
On September 29, 1985, defendant was arrested at his residence on allegations of indecent behavior with his five year old step-granddaughter. The arresting officer orally advised the accused of his constitutional rights, but did not obtain a written waiver or elicit any statements from him. Defendant asked the arresting officer, however, to contact Officer Ricardo Gillette, a New Orleans policeman and defendant’s family friend.
Within an hour, Officer Gillette arrived on the scene in civilian clothing and was informed that defendant was under arrest. Gillette and the defendant spoke privately, but the officer friend did not advise defendant of his constitutional rights.
According to Gillette, it was defendant’s first arrest and he was upset and concerned about going to jail. Although de *201 fendant initially denied having molested the child, he shook his head affirmatively on further questioning by Gillette after the officer called defendant’s step-daughter (the five year old’s aunt) into the discussion and she accused defendant of having molested her when she was a child. According to Gillette, he was trying to convince defendant that what he had done, though a crime, was also a sickness, and that if he did not acknowledge the problem he could not be cured.
In suppressing the evidence of defendant’s inculpatory response, the trial judge concluded that Officer Gillette had operated as a “friend” rather than as a police officer and that the defendant was “induced” into making the statement. The judge felt that admission of this inculpato-ry evidence under these circumstances would be “unfair” and violative of defendant’s constitutional rights.
In order for a defendant’s custodial statement in response to interrogation to be admissible against him, the State must prove that the defendant intelligently and voluntarily waived his rights. Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); State v. Mitchell, 421 So.2d 851 (La.1982). Confessions obtained by the exertion of any improper influence are considered as involuntary and inadmissible as a matter of constitutional law. State v. Jackson, 414 So.2d 310 (La.1982). The inadmissibility of inculpatory statements is a question for the trial judge whose conclusions on credibility and weight of testimony will not be set aside unless unsupported by the evidence. State v. Narcisse, 426 So.2d 118 (La.1983), certiorari denied 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1993), rehearing denied 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983); State v. Zoerner, 418 So.2d 604 (La.1982).
Under the circumstances of the instant case, we conclude that defendant did not knowingly waive his constitutional right against self incrimination before making the inculpatory gesture. Although he had previously been orally advised by the arresting officer that anything he said could be held against him, it is apparent that he did not understand that the warning would carry over to his later conversation with Officer Gillette whom he voluntarily consulted as a family friend to ease his fears of incarceration rather than to satisfy a desire to confess to the crime. Indeed, defendant initially denied any guilt, and it was only after repeated questioning and confrontation with his step-daughter that he nodded his head. Gillette stated that his conversation with defendant was not a “professional” one and that he was acting as a “good Samaritan” to help his friend.
Under these circumstances, we cannot conclude that the trial judge erred when he suppressed evidence of an inculpatory response. The judgment is affirmed.
AFFIRMED.