LABORDE, Judge.
Defendant, Leon P. Smith, was charged by indictment with first degree murder, a *14 violation of LSA-R.S. 14:30. He pled not guilty, elected trial by jury, and was found guilty of second degree murder, a violation of LSA-R.S. 14:30.1. He received the mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant appeals his conviction based on five assignments of error. Three assignments, Nos. 2, 4, and 5, were not briefed or argued and are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). The remaining assignments will be considered in inverse order for the sake of clarity.
FACTS
On June 22, 1984, the defendant perpetrated an unauthorized entry into the dwelling of Ovide Ned, Sr. with the intent to commit a theft. The victim, Ovide Ned, Sr., returned home during the course of the burglary and surprised the defendant. A struggle ensued and the defendant allegedly struck the victim with a baseball bat. The defendant then fled. Shortly thereafter, the victim died from a hemorrhage caused by a fractured skull which resulted, according to the physician who performed the autopsy, from a blow to the head with a round, blunt object such as a baseball bat. On these facts the jury found beyond a reasonable doubt that the victim, Ovide Ned, Sr., died from the injuries which he received from the defendant during the course of an aggravated burglary of the victim’s dwelling.
ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the inculpatory statement which he made to sheriffs deputies was involuntary in that it was induced by promises of leniency made by the deputies and therefore should not have been admitted into evidence at trial.
It is well settled that confessions obtained by any direct or implied promises, however slight, or by the exertion of any improper influence are involuntary and inadmissible as a matter of law. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); State v. Jackson, 414 So.2d 310 (La.1982).
The defendant, by brief, asserts that the deputies made promises and statements calculated to coerce the defendant into making a confession. The defendant further testified that the deputies promised that he would receive “better” treatment if he told the truth and that they would make a deal with the district attorney for him. The question in this case is not one of degree of coercion, but one of credibility.
In the instant case, the investigating officers who took the statement of the defendant testified that his statement was made freely and voluntarily and that defendant was not promised any leniency, inducements, or any kind of deals or consideration if he gave a statement.
The state has the burden of affirmatively proving that a confession was free and voluntary. La.C.Cr.P. art. 703; LSA-R.S. 15:451. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession will not be overturned on appeal unless such conclusions are not supported by the evidence. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Broadway, 440 So.2d 828 (La.App.2d Cir.1983).
In light of the contradictory testimony, a determination of credibility had to be made. In this case, the trial judge did not believe that any promises were made to the defendant. From the record, it is clear that the trial judge gave more weight to the state’s witnesses than to the defendant. We defer to the trial court’s great discretion as the record does not indicate an abuse of this discretion.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant contends that the trial court erred in finding him guilty because the evidence presented at trial was insufficient to establish each essential element of the crime beyond a reasonable doubt.
*15 In order to sustain the conviction on appeal, the record must indicate that the state presented evidence of each essential element of the crime sufficient to warrant a finding of guilt beyond a reasonable doubt when viewed in a light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Allen, 440 So.2d 1330 (La.1983).
LSA-R.S. 14:30.1 provides:
“Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.”
The defendant does not deny that he committed a burglary, and also admits he battered the victim during the burglary, therefore, the defendant is unquestionably guilty of aggravated burglary, a violation of LSA-R.S. 14:60 which provides:
“Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.”
Because the defendant admitted that he was engaged in an aggravated burglary of the victim’s residence, the only element of second degree murder that remained open to consideration in the jury’s mind was whether or not the battery which the victim received at the hands of the defendant caused the victim’s death. On this issue the following information was admitted into evidence before the jury.
The state introduced evidence that the victim was in good physical health prior to receiving a skull fracture, and that his death resulted from a hemorrhage caused by the skull fracture.
In addition, the state introduced evidence that the skull fracture which killed the victim was caused by a blow to the head from a rounded, blunt object such as a baseball bat. The state also presented evidence that the defendant struck the victim in the head with a baseball bat and that the victim was found dead.
The only sign of disturbance in the victim’s home was in the area in which the defendant admits the scuffle took place between him and the victim.
The evidence, when viewed in a light most favorable to the prosecution, could establish the defendant’s guilt beyond a reasonable doubt to a reasonable trier of the fact. The evidence excludes every reasonable hypothesis which would indicate the defendant’s innocence. LSA-R.S. 15:438; State v. Smith, 339 So.2d 829 (La.1976).
This assignment lacks merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.