FOGG, Judge.
The defendant, Johnny Bennett (alias “Cat Daddy”), was charged by bill of information with molestation of a juvenile, in violation of LSA-R.S. 14:81.2 A. He pled not guilty and, after trial by jury, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; after a hearing, the defendant was adjudicated a third felony habitual offender. The defendant received a sentence of eighteen years at hard labor, with credit for time served. He has appealed, alleging ten assignments of error, as follows:
1. The trial court erred in denying the defendant’s motion to suppress.
2. The trial court erred in denying the defendant’s challenge for cause.
3. The trial court erred in sustaining the State’s objection.
4. The trial court erred in denying the defendant’s objection.
5. The trial court erred in denying the defendant’s objection.
6. The trial court erred in sustaining the State’s objection.
7. The trial court erred in denying the defendant’s objection.
8. The trial court erred in denying the defendant’s objection.
9. The trial court erred in adjudicating the defendant a third felony habitual offender.
10. The trial court erred in imposing an excessive sentence.
Assignments of error numbers 4, 5, 6, 7, and 8 were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Shortly before dark on April 23, 1991, the defendant molested a fourteen-year-old male victim behind the Volunteer Fire Station in Gibson, Louisiana. This incident occurred when the defendant grabbed the victim, dragged him behind the fire station, and forced the victim to remove his shoes and shorts. The defendant began kissing the victim and fondling the victim’s genitals. *274 The victim managed to escape by telling the defendant that he had to urinate. When the defendant released the victim and let him stand up, the victim ran away and told his relatives what had happened. Based upon the victim’s description of the perpetrator, the victim’s relatives were able to determine the defendant’s identity and this information was related to police, who arrested the defendant shortly thereafter.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in denying his motion to suppress pretrial photographic lineup identifications.
A defendant attempting to suppress an identification must prove that the identification was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Daughtery, 563 So.2d 1171 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (La.1990). If a witness’ attention is focused on the defendant during the lineup, the identification procedure is unduly suggestive. State v. Collins, 546 So.2d 1246 (La.App. 1st Cir.1989), writ denied, 558 So.2d 599 (La.1990). In reviewing the identification procedure, the trial court must look at the totality of the circumstances surrounding the identification. State v. Brown, 481 So.2d 679 (La.App. 1st Cir. 1985), writ denied, 486 So.2d 747 (La.1986).
The pictures used in a photo array should not display the defendant so singularly that the witness’ attention is unduly focused upon the defendant. State v. Lewis, 489 So.2d 1055 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986). However, a strict identity of characteristics is not required; rather, a sufficient resemblance to reasonably test the identification is necessary. This determination is made by examining articulable features of the pictures or persons used: height, weight, build; hair color, length, and texture; facial hair; skin color and complexion; and the shape and size of the nose, eyes, and lips. State v. Lewis, 489 So.2d at 1057.
In his brief to this court, the defendant contends that the viewer’s attention is focused on his picture. Specifically, he contends that only his photograph appears above a blank space in the lineup folder. He also contends that the other four subjects in the lineup are approximately eight or nine years younger.
After examining the photo lineup, we find no undue suggestion. The photo lineup contains black and white pictures of five young black males. All appear to have fairly similar facial features. All have shaved heads and no facial hair. Height and weight cannot be determined. The lineup folder contains six cutout sections grouped in two rows of three each. In positions one through five, a black and white photograph has been inserted in the cutout section. However, position number six is vacant. Because the defendant’s photograph is in position number three, it appears directly above the blank space for position number six. However, we reject any argument that the defendant’s photograph is suggestive simply because it appears above the blank space for position number six. At the time of the instant trial, the defendant was twenty-eight years old. The other four subjects in the photographic lineup were approximately nineteen to twenty years of age. Contrary to the defendant’s argument, this age difference is not suggestive in and of itself. Furthermore, after examining the photographic lineup, we do not find the defendant to appear significantly older than the other four subjects. In our view, because of all the different characteristics noted above, we find it extremely difficult to believe that any person viewing this lineup would be inclined to focus upon the defendant’s picture.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial court erred in denying his challenge for cause.
At the conclusion of voir dire examination, six jurors and one alternate juror were seated. Thereafter, the bill of information and the defendant’s plea at arraignment were *275 read to the jury. After the trial court gave some brief introductory remarks, the prosecutor made his opening statement. Immediately following the prosecutor’s opening statement, one juror, Ms. Lillie Williams, indicated that the victim’s mother was her cousin. After an off the record discussion at the bench, the trial court dismissed Ms. Williams with the consent of both parties and replaced her with the alternate juror. Immediately thereafter, another juror, Bruce Spence, addressed the court, whereupon the following colloquy took place:
BY MR. SPENCE:
May I address the Court, sir?
BY THE COURT:
Yes, sir.
BY MR. SPENCE:
I know [the victim]. I used to live in Gibson.
BY THE COURT:
Sir, did I not ask you—
BY MR. SPENCE:
I did not remember his name, but now — I have lived there a few years back, and my son went to school there, and knew him.
BY THE COURT:
Did you know him sir?
BY MR. SPENCE:
Excuse me?
BY THE COURT:
Did you know him?
BY MR. SPENCE:
My son knows him. He lived around the area. He visited my son at our house.
BY THE COURT:
Would the fact that you knew him create a problem for you to sit on the jury?
BY MR. SPENCE:
No, sir, it doesn’t, but—
BY THE COURT:
All right. That was Mr. Spence. Go ahead, please.
[DEFENSE COUNSEL]:
Your Honor, I would like to at this time challenge Mr. Spence for cause.
BY THE COURT:
Challenge time is passed. I realize that he has spoken out. Your challenge is denied. Please go ahead with your opening statement.
[DEFENSE COUNSEL]:
I would ask this Court to respectfully note my objection for the record.
BY THE COURT:
Yes, ma’am, I will note your objection. Do it.
In his brief to this court, the defendant contends that he was entitled to a challenge for cause on the basis that Mr. Spence was not an impartial juror. See La.C.Cr.P. art. 797(2). However, the trial court correctly ruled that the time for exercising a challenge for cause had passed. In State v. Marshall, 410 So.2d 1116 (La.1982), the Louisiana Supreme Court held that, prior to the reading of the indictment, a biased juror could be challenged for cause (on a ground not known by the challenging party prior to its acceptance of the juror) and replaced with an alternate juror. See also State v. Faulkner, 447 So.2d 1139 (La.App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984), cert. den., 469 U.S. 848, 105 S.Ct. 164, 83 L.Ed.2d 100 (1984). In the instant case, opening arguments already had begun. Furthermore, the only alternate juror had just been used to replace Ms. Williams, who had been dismissed by consent of the parties. At this point in the trial, any challenge for cause and/or dismissal of juror Spence would have automatically resulted in a mistrial, since there were only six jurors and no alternate. Under these circumstances, the proper motion for the defendant to utilize in order to challenge Mr. Spence was a motion for a mistrial based upon La.C.Cr.P. art. 775(6) which provides:
A mistrial may be ordered, and in a jury case the jury dismissed, when:
[[Image here]]
*276 (6) False statements of a juror on voir dire prevent a fair trial.
The defendant did not request a mistrial. Therefore, the trial court’s ruling was correct.
In any event, for the reasons which follow, even if we deemed the defendant’s request for a challenge for cause to have been equivalent to a motion for a mistrial (since the challenge, if granted, would necessarily have resulted in a mistrial), we find no error in the trial court’s denial of the motion. Disclosure during the trial that a juror knows a witness, including the victim, does not necessarily prevent a fair trial. The connection must be such that one must reasonably conclude that it would influence the juror in arriving at a verdict. State v. Robertson, 509 So.2d 98 (La.App., 1st Cir.1987). In the instant ease, there is no indication that Mr. Spence attempted to give deliberately misleading answers on voir dire examination. Furthermore, when asked by the trial court if he knew the victim, Mr. Spence replied that his son knew the victim. When asked by the trial court if knowing the victim would “create a problem” for him to sit on the jury, Mr. Spence replied in the negative. Mr. Spence’s answers to the trial court’s questions indicated that he could be a fair and impartial juror. Under these circumstances, we find no error in the trial court’s ruling.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the defendant contends that the trial court erred in sustaining the prosecutor’s objections to defense counsel’s questioning of a State witness. During the cross-examination of Stanford 0. Bolden, defense counsel asked him if he had been arrested for attempted second degree murder and aggravated battery of the victim’s mother and the victim. Mr. Bolden replied in the affirmative. Immediately after this response, the prosecutor objected to the question and answer on the basis that evidence of an arrest is inadmissible. Defense counsel responded that evidence of an arrest is admissible if it is independently relevant to show bias. The trial court sustained the prosecutor’s objection and instructed the jury to disregard the question.
Louisiana Code of Evidence article 609.1 provides, in pertinent part:
A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
In his brief to this Court, the defendant cites State v. Robinson, 337 So.2d 1168 (La.1976), for the proposition that evidence of an arrest may be admissible for impeachment purposes when it is independently relevant to show bias. In fact, defense counsel also cited State v. Robinson in arguing to the trial court that the prosecutor’s objection should be overruled. However, before a witness may be attacked on the basis of bias through the introduction of extrinsic evidence, such as evidence of an arrest, the defendant must lay a proper foundation during the cross-examination of the witness sought to be impeached. See State v. Hookfin, 476 So.2d 481 (La.App. 1st Cir.1985). In the instant case, the defendant never attempted to establish a foundation for admitting evidence of Mr. Bolden’s arrest(s). Neither at the trial, nor in his brief to this Court, has the defendant explained how or why Mr. Bolden’s arrest(s) was (were) independently relevant to show bias. Under these circumstances, the trial court properly sustained the prosecutor’s objection.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER NINE
In this assignment of error, the defendant contends that the trial court erred in adjudicating him to be a third felony habitual offender. The defendant does not contest the proof of the two predicate felony convic *277 tions or his identification as the same person who committed these predicate convictions. Instead, he contends only that the State failed to establish that the five year cleansing period provided in LSA-R.S. 15:529.1 C had not elapsed.
The defendant’s prior felony convictions occurred in St. Mary Parish. At the habitual offender hearing, the State introduced into evidence State Exhibit 1, which was a copy of the defendant’s records from the Louisiana Department of Public Safety and Corrections. The documentary evidence introduced at the habitual offender hearing established that the defendant had two prior simple burglary convictions. The first conviction occurred on December 8, 1980. On November 24, 1981, the defendant pled guilty as charged and received a suspended sentence of three years at hard labor and was placed on supervised probation. The defendant again committed simple burglary on April 22, 1982. On August 16, 1982, the defendant was convicted after a jury trial. On August 19,1982, he received a sentence of nine years at hard labor. On September 2, 1982, the defendant’s probation for the first simple burglary conviction was revoked and the original sentence of three years at hard labor was imposed. Although the defendant was released on parole on July 12, 1985, his parole was revoked on April 22, 1987. During the defendant’s trial testimony, he admitted that he had been released from prison only a few days prior to the instant offense. The defendant committed the instant offense on April 28, 1991. Therefore, the State established that the five year cleansing period provided in LSA-R.S. 15:529.1 C had not expired.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TEN
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
La.C.Cr.P. art. 881.1 provides, in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
[[Image here]]
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Article 881.1 took effect on January 31, 1992. See Act 38, § 3, of 1991. The defendant was sentenced on June 5, 1992. The instant record does not contain a motion to reconsider sentence. Under the clear language of Article 881.1 D, this failure to file or make a motion to reconsider sentence precludes the defendant from raising this argument on appeal. State v. Myles, 616 So.2d 754 (La.App. 1st Cir.1993). Therefore, for the reasons herein stated, we find this assignment of error meritless.
AFFIRMED.
SHORTESS, J„ concurs.