COVINGTON, Judge.
Defendant, John Williams, was charged with two counts of simple burglary in violation of LSA-R.S. 14:62. Defendant pled guilty to both counts; and after a hearing, was sentenced to six years of hard labor on each count, the sentences to run consecutively. Defendant appeals, alleging that the sentences imposed are excessive. The cases were consolidated for purposes of appeal.
The first count against defendant involved the burglary of a lounge on July 27, 1980. At approximately 3:30 a.m., defendant was discovered inside a lounge by its manager and was observed leaving the building by a police officer arriving on the scene. The defendant had pried open the coin boxes on a pool table and a juke box. The second count was for the burglary of a service station on December 11, 1981. Defendant was found inside the gas station at approximately 3:20 a.m. by two police officers responding to a burglary alarm.
Defendant is a 32 year old unmarried male with a seventh grade education. He is currently unemployed and his work history is best described as sporadic and unstable. He has had numerous encounters with the law, as discussed hereinafter.
The sole assignment of error made by defendant in this appeal is that the trial judge imposed excessive sentences. Defendant contends that the trial judge erred in imposing consecutive, rather than con *100 current, sentences on the ground that the imposition of consecutive sentences under the circumstances constitutes excessive punishment.
The Louisiana. Constitution of 1974, Article 1, Section 20 provides that no law shall subject a person to .. cruel, excessive, or unusual punishment.” Excessive punishment has been defined by Louisiana courts as that which is:
Barbarous, extraordinary or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men. State v. Crook, 253 La. 961, 221 So.2d 473, 476 (1969).
Generally, a sentence is unconstitutional when it is nothing more than a purposeless and needless imposition of pain and suffering that is grossly out of proportion to the severity of the offense. In determining whether a sentence is grossly disproportionate to the severity of the crime, this Court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the punishment is disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). The general type of factors which should be considered by a trial judge before the imposition of a sentence on a particular offender include his personal history (age, mental status, emotional and physical health), defendant’s prior criminal record, the seriousness of the crime, the circumstances of the offense, the likelihood that defendant will commit another crime, and his potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The maximum sentence which may be imposed for the crime of simple burglary is a fine up to $2,000.00, imprisonment with or without hard labor for not more than 12 years, or both. LSA-R.S. 14:62. The defendant in the instant case was sentenced to confinement with the Department of Corrections for 6 years on each count of simple burglary to which he pled, with the sentences to run consecutively.
The trial judge gave the following reasons in imposing sentence:
In pronouncing this sentence and in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the Court cites that confinement is appropriate because there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime, and the Court cites that on October 22, 1979, the subject was arrested for contempt of court, burglary of an auto, and misdemeanor theft. On March 26, 1980, the subject pled guilty to the charge of misdemeanor theft. He was placed on supervised probation for a period of two years. Shortly after being placed on probation, the subject was arrested on July 27, 1982 (sic), for the instant offense. The subject did not post bond until November 14,1981. The subject was rearrested on the simple burglary charge under docket no. 1-82-475. The subject remained in jail on the instant instant — on that instant offense until the present. And on March 30, 1982, the defendant’s probation as previously imposed was revoked or was terminated unsatisfactorily. Also, the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution, and the Court cites that the subject is a second felony offender and as an adult the subject has had twenty-one arrests for both misdemeanor and felony charges. Of those twenty-one arrests, he has ten convictions and the subject has three prior felony convictions which includes the instant offense, although he is classified technically as a second felony offender, and also the Court notes that the Division Division of Probation and Parole recommends incarceration.
In his reasons for the sentence, the trial judge noted defendant’s extensive adult record or prior criminal conduct, including twenty-one arrests and ten convictions. Defendant had at least one other felony conviction prior to the present ones. The *101 trial judge stated that he felt confinement was appropriate because defendant was in need of correctional treatment or a custodial environment that can be provided most effectively by confinement, and because there was an undue risk that defendant would commit another crime during -any period of supervised probation. In this respect, he noted that defendant committed the crime forming the basis of the current convictions while he was on supervised probation on a prior conviction, resulting in the unsatisfactory termination of his probation.
Wide discretion is given the trial judge in the imposition of sentence within the applicable statutory limits; and in the absence of manifest abuse of his discretion, the sentence imposed by him should not be set aside as excessive. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979).
With regard to the appropriateness of consecutive sentences, the Supreme Court in State v. Jacobs, 383 So.2d 342, 345 (La.1980), stated that: “... consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public, similar to that posed by habitual or by dangerous offenders.”
In light of the fact that the convictions at issue arose out of separate incidents of criminal conduct and particularly in view of defendant’s extensive course of criminality over an extended period of time, the imposition of consecutive sentences was not an abuse of the trial judge’s discretion.
Accordingly, defendant’s assignment of error is without merit.
For the reasons assigned, the sentences imposed on the defendant are affirmed.
AFFIRMED.