540 So.2d 515 (1989)
STATE of Louisiana
v.
Dennis PATTERSON.
No. 88 KA 0680.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
*516 Bryan Bush, Dist. Atty., Office of the Dist. Atty., by Wiley Dial and Brett Grayson, Asst. Dist. Attys., Baton Rouge, for plaintiff-appellee.
Office of the Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Defendant was charged by bill of information with separate counts of armed robbery in violation of LSA-R.S. 14:64 and attempted first degree murder in violation of LSA-R.S. 14:30[1]. After a jury trial, defendant was convicted of both charges. For the armed robbery conviction the trial court sentenced defendant to forty years at hard labor, without benefit of parole, probation, or suspension of sentence. For the attempted first degree murder conviction the trial court sentenced defendant to twenty years at hard labor, to be served consecutive to the first sentence. In bringing this out-of-time appeal, defendant urges twelve assignments of error; however, in brief, defendant expressly abandons all assignments of error except numbers eight, nine, eleven and twelve.

FACTS
The instant offenses occurred on the morning of January 16, 1981. Catherine DeFrances had just parked her Dodge van in the Goudchaux's parking lot in Baton Rouge. As she opened her door to exit the van, defendant approached her, saying that someone wanted to speak with her. Mrs. DeFrances looked and saw no one; however, when she turned back toward defendant, he had a pistol pointed at her side. The defendant forced Mrs. DeFrances to lie face down on the floor of the van, and he then got in the van and drove out of the parking lot. Defendant told Mrs. DeFrances that if she didn't shut up and bury her head she would be "dead meat." As he was driving, he asked Mrs. DeFrances if she had any money. She showed defendant a small change purse from which he took two dollars.
As the van proceeded down 72nd Street, Officer Bruce Borer of the Baton Rouge City Police Department noticed that the van had an expired inspection sticker. Officer Borer stopped the van and approached the driver's side of the van. When he *517 reached the window of the van, Officer Borer was confronted by defendant who pointed a pistol directly at Officer Borer's face and told the officer to keep his hands where he could see them. Officer Borer then dove to the rear of the van and defendant fired one shot at him. The defendant then sped away in the van. Just as the defendant began to flee, Mrs. DeFrances managed to kick the passenger door of the van open and jumped out and rolled into a ditch, injuring herself slightly. The defendant was later apprehended and identified by Mrs. DeFrances.

DIRECTED VERDICT IN JURY TRIAL

(Assignments of Error Nos. 8 and 9)
Defendant contends that the trial court erred in denying his motion for a directed verdict after the state concluded its case in chief.
We disagree. It is well settled that the trial judge has no authority to grant a directed verdict in a criminal jury trial. State v. Andrews, 451 So.2d 175 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La. 1984); LSA-C.Cr.P. art. 778.
These assignments are of no merit.

SUFFICIENCY OF EVIDENCE

(Assignment of Error No. 11)
Defendant contends that the evidence was not sufficient to convict him of attempted first degree murder and armed robbery. Defendant essentially argues that the state failed to prove he had the specific intent to commit either crime.
Initially, we note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime and defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673 (La.App. 1st Cir.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
At the time of the offenses in question, LSA-R.S. 14:30 and 64 provided, in pertinent part, as follows:
§ 30. First degree murder
First degree murder is the killing of a human being:
(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery, or simple robbery;
(2) When the offender has a specific intent to kill or to inflict great bodily harm upon a fireman or peace officer engaged in the performance of his lawful duties;
(3) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person; or
(4) When the offender has specific intent to kill or inflict great bodily harm and has offered, has been offered, has given, or has received anything of value for the killing.
For the purposes of Paragraph (2) herein, the term peace officer is defined to include any constable, marshal, deputy marshal, sheriff, deputy sheriff, local or state policeman, game warden, federal law enforcement officer, jail or prison guard, parole officer, probation officer, judge, attorney general, assistant attorney general, attorney general's investigator, district attorney, assistant district attorney, or district attorney's investigator.
§ 64. Armed robbery
A. Armed robbery is the theft of anything of value from the person of another or that is in the immediate control of *518 another, by use of force or intimidation, while armed with a dangerous weapon.
LSA-R.S. 14:27 provides, in pertinent part, as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
The crime of armed robbery, as defined at the time of the instant offense, included specific intent as an essential element.[2] See State v. Antoine, 444 So.2d 334 (La. App. 1st Cir.1983). Specific intent is also an essential element of the crime of attempted first degree murder. See State v. McCue, 484 So.2d 889 (La.App. 1st Cir. 1986).
Due to the difficulty of presenting direct evidence as to a defendant's state of mind, the trier of fact may infer intent from the facts and circumstances of a transaction and the defendant's actions. LSA-R.S. 15:445. To possess specific intent an offender must actively desire the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Sterling, 462 So.2d 290 (La.App. 1st Cir.1984), writ denied, 466 So.2d 466 (La.1985).
The defendant testified at trial that he did not intend to kill Officer Borer or rob Mrs. DeFrances. He alleges that he was under the influence of drugs at the time, thus precluding the presence of any specific intent in accordance with LSA-R.S. 14:15(2), which reads as follows:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
. . . .
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
The jury's verdict shows that the jurors accepted the state's witnesses as credible, while rejecting defendant's claim that he was on drugs. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Walder, 504 So.2d 991 (La.App. 1st Cir.), writ denied, 506 So.2d 1223 (La.1987). A determination of the weight to be given evidence is a question of fact for the trier of fact, not subject to appellate review. State v. Tate, 506 So.2d 546 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
Accordingly, we cannot say that the evidence was insufficient to establish the element of specific intent as to either offense.
This assignment is without merit.

EXCESSIVE SENTENCE

(Assignment of Error No. 12)
Defendant contends that the sentences imposed by the trial court are excessive and that the sentences were incorrectly made to run consecutively rather than concurrently.
*519 Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So. 2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Tate, 506 So.2d at 552. In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, 367 So.2d at 767. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
A trial court's reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aide to this Court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.), writ denied 513 So.2d 296 (La.1987). The trial court need not recite the entire checklist found in LSA-C. Cr.P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Even when the trial court has not complied with LSA-C.Cr.P. art. 894.1, this Court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, 448 So.2d at 653.
Armed robbery is punishable by a term of imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64. Attempted first degree murder is punishable by a term of imprisonment at hard labor for not more than fifty years. LSA-R.S. 14:27.
After a thorough review of the record and the trial court's reasons in imposing sentence, we find that the sentencing guidelines of LSA-C.Cr.P. art. 894.1 were adequately complied with; and the sentences imposed of forty years for armed robbery and twenty years for attempted first degree murder are not apparently severe in relation to defendant or the offenses committed.
In addition, concurrent rather than consecutive sentences is the general rule for multiple convictions arising out of a single course of criminal conduct, at least for a defendant without a previous criminal record. LSA-C.Cr.P. art. 883. However, even if convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. Other factors must be taken into consideration in making this determination. For instance, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public. State v. Atley, 470 So.2d 621 (La.App. 1st Cir.1985).
The trial court stated in pertinent part as follows in its reasons for imposing sentence:
[B]ecause of the fact that these offenses occurred in one transaction, normally the law would provide that the sentences should be concurrent; however, in this particular case, it's quite clear that these were two separate incidents which occurred consecutively and that arose out of not the same fact situation. The attempted murder on Officer Borer was was after the fact of the armed robbery and kidnapping of Ms. DeFrances.... The sentence in count-II is to be consecutive to the sentence imposed in count-I.
In addition the trial court noted that, although the defendant had no previous felony convictions, the instant offenses were of a serious nature and posed a serious threat of injury, both emotionally and physically, to the victims. The trial court *520 also stated that there was no evidence of any other mitigating factors.
Under these circumstances, we cannot say that the consecutive nature of the sentences renders them excessive.
This assignment is without merit.
Accordingly, defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] We note as error patent that the bill of information does not include the citation of LSA-R. S. 14:27 pursuant to LSA-C.Cr.P. art. 464. However, the bill of information clearly described the instant charge as attempted first degree murder. Accordingly, we cannot say that this error mislead the defendant so as to warrant reversal. See State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.), writ denied, 450 So.2d 644 (La.1984).
[2] LSA-R.S. 14:64 has since been amended by Act 70 of 1983, thereby making armed robbery a general intent crime. See State v. Payne, 540 So.2d 520, fn. 2 (La.App. 1st Cir.1989).