616 So.2d 754 (1993)
STATE of Louisiana
v.
Philip MYLES.
No. KA 92 0316.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Rehearing Denied April 28, 1993.
*755 Charles Long, Asst. Dist. Atty., Donaldsonville, for the State.
Benjamin Vega, Donaldsonville, for defendant-appellant, Philip Myles.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
Defendant, Philip Myles, was charged by bill of information[1] with distribution of *756 cocaine, in violation of La.R.S. 40:967A(1). Defendant pled not guilty and, after a jury trial, was found guilty as charged. Defendant was sentenced to a term of imprisonment of twenty-two years at hard labor with credit for time served. He appeals, urging two assignments of error.

FACTS
On December 21, 1990, defendant sold some cocaine to undercover agent Chad Scott. The following facts were revealed at trial. Chad Scott, a narcotics investigator for the Tangipahoa Parish Sheriff's Office, on loan to the Ascension Parish Sheriff's Office, arrived in Ascension Parish during the late afternoon of December 21, 1990. Agent Scott met with Donnie Smith, a confidential informant, who took him to defendant for the drug purchase. Smith drove Agent Scott to an address in Donaldsonville where defendant was standing outside. Defendant approached the vehicle and asked Agent Scott how much he wanted. Agent Scott replied that he wanted one-half gram. Defendant handed Agent Scott a bag and requested fifty dollars. Agent Scott gave him three twenty dollar bills, received ten dollars in change, wrapped the bag in the ten dollar bill and placed it in his front pocket. The powder in the bag tested positive for cocaine; and, subsequently, defendant was arrested.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends, in a two-part argument, that the evidence was insufficient to convict him. Specifically, defendant alleges that Agent Scott identified him during the trial only after having seen his picture the day prior to trial. He further argues that the chain of evidence as to the cocaine was not sufficiently established and, therefore, the trial court erred in admitting the cocaine into evidence.
Defendant argues that Agent Scott was able to identify him in court only because he saw defendant's picture in his file the previous day. During Agent Scott's cross-examination by defense counsel, Mr. Vega, the following exchanges occurred:
Mr. Vega: ... But yet you can identify Philip Myles, you say?
Mr. Scott: Yes, I can.
* * * * * *
Mr. Vega: When you came in here and you looked around you didn't recognize Philip Myles, did you?
Mr. Scott: Yes, I did.
* * * * * *
Mr. Vega: ... And you say you remember it of your own independent recollection and not from that photograph that you saw?
Mr. Scott: I identified the photograph a week after the purchase. I identified him by the photograph. And then I looked at it again yesterday and then walked in here and recognized him.
Mr. Vega: Um-hmm. You didn't walk in here and recognize him because you looked at the photograph yesterday; right?
Mr. Scott: No, I didn't.
The standard of review for sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Britt, 510 So.2d 670, 672 (La.App. 1st Cir.1987). Further, where the key issue is defendant's identity as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984).
*757 At trial, Agent Scott testified that he went in search of defendant in order to purchase drugs from him, that defendant did sell him cocaine, and that the person who sold him the cocaine and defendant were one and the same. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Patterson, 540 So.2d 515, 518 (La.App. 1st Cir.1989). The credibility of the testimony of a witness is a matter of the weight of the evidence. State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). A determination of the weight to be given evidence is a question of fact for the trier of fact, not subject to appellate review. State v. Payne, 540 So.2d at 524; State v. Patterson, 540 So.2d at 518. In the instant case, the jury must have believed the testimony of Agent Scott. Positive identification by only one witness, if accepted by the finder of fact, may be sufficient to support the defendant's conviction. State v. Mosby, 581 So.2d 1060, 1067 (La.App. 1st Cir.1991), affirmed, 595 So.2d 1135 (La.1992). We find the state successfully negated any reasonable probability of misidentification. Therefore, we reject this part of defendant's argument.
In the second part of his argument, defendant claims that the chain of custody was not sufficiently established because testimony about the tagging of the evidence envelopes was unclear. Defendant also contends that, because there was a different evidence officer at the time of the trial than when the evidence was placed in the evidence room, that officer should have testified as to whether or not anyone else had access to the evidence during the interim period. Thus, defendant argues, the cocaine was erroneously admitted into evidence.
At trial, Agent Scott testified that he turned over the cocaine he purchased from defendant to Officer Rhodes at the McDonald's in Donaldsonville a few minutes after the purchase and that he saw Officer Rhodes place the cocaine in an evidence envelope. During Agent Scott's testimony, the following exchange occurred:
Prosecutor: Do you recognize anything about this envelope?
Mr. Scott: This is the one that Bob Rhodes labelled when I gave him the evidence that was wrapped up in the $10 bill, that was purchased by myself.
Prosecutor: Does Philip Myles' name appear on this envelope?
Mr. Scott: Yes, it does.
Prosecutor: Read the outside of this envelope.
Mr. Scott: Louisiana Department of Public Safety and Corrections. Office of State Police.
Name of suspect: Philip Myles.
Alias: None listed.
* * * * * *
Description of physical evidence contained herein: ½ gram of suspected cocaine.
Purchased by: Agent Scott.
Where obtained: Residence, 506 St. Patrick Street.
Date: 12/21/90.
Time: 18:32 hours.
Amount paid: $50.
Delivered to: Rhodes.
By: Agent Scott.
Date: 12/21/90.
Time: 18:47 hours.
Remarks: None listed.
Examination requested for: Chemical Analysis.
* * * * * *
Prosecutor: Is this envelope also sealed?
Mr. Scott: Yes, it is.
Prosecutor: Is that the way it comes back from the Louisiana State Police Crime Lab?
Mr. Scott: Yes, it is.
During Agent Scott's cross-examination, the following exchange occurred:
Mr. Vega: And your initials don't appear anywhere on any of this [envelope], do they?
Mr. Scott: No, they do not.
Mr. Vega: Hmm?
Mr. Scott: No, they don't. They were sent there to be tested, and they reseal it and relabel it to send it back to us.
*758 Officer Rhodes testified that he placed the sealed evidence envelope in his locker until it was turned over to the crime lab for analysis and that no one but him had access to his locker. Officer Rhodes further testified that, when the evidence comes back, it is placed in the evidence vault until someone signs it out, just as he did the morning of the trial. When the evidence was placed in the evidence vault, the evidence officer was Lt. Paul Robert. The evidence officer at the time of the trial was Sgt. Dave Thomas. The purpose of an evidence officer is to assure that only one person has control over the evidence contained in the vault.
Article 901(A) of the Louisiana Code of Evidence establishes the general law relative to authenticity:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
To properly identify evidence at trial, the identification can be visual or by chain of custody of the object. State v. Vampran, 491 So.2d 1356, 1365 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La.1986). Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized. Ultimately, a chain of custody or connexity of the physical evidence is a factual matter for determination by the jury. State v. Spooner, 550 So.2d 1289, 1304 (La.App. 1st Cir.1989), writ denied, 566 So.2d 394 (La.1990).
In the instant case, there was sufficient testimony to establish the chain of custody and to convince a jury that the cocaine introduced at trial was the same cocaine purchased from defendant and subsequently tested at the State Police Crime Lab. We reject defendant's argument and, for the reasons herein stated, we find this assignment of error meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant contends that his sentence is excessive. Defendant alleges that the trial court did not follow the new sentencing guidelines which went into effect on January 1, 1992. He argues that, if the court had used the new guidelines, he should have been sentenced to fifteen years imprisonment rather than twenty-two years.
La.C.Cr.P. art. 881.1 states, in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * * * * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
La.C.Cr.P. art. 881.4D states:
The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed.
La.C.Cr.P. art. 881.6 states:
No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
At defendant's sentencing on January 14, 1992, defense counsel made the following *759 statement, "I would orally move the Court for an appeal and ask that the Court set a return date today." This statement by defense counsel does not constitute a motion to reconsider sentence. Under the clear language of Article 881.1 D, this failure to file or make a motion to reconsider sentence precludes defendant from raising this argument on appeal. Further, under the language of 881.6 and 894.1 A, as amended by Acts 1991, No. 22, we shall not set aside a sentence due to the failure of the trial court to impose the sentence in conformity with the new sentencing guidelines. Therefore, for the reasons herein stated, we find this assignment of error meritless.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Trial was held on the third and fourth days of September, 1991. Immediately prior to the jury selection, the state amended the bill of information to reflect that the distribution of cocaine occurred on December 21, 1990, rather than on December 21, 1991. The date of the commission of an offense need not be alleged in the information unless the date or time is essential to the offense. La.C.Cr.P. art. 468. The court may cause an information to be amended at any time with respect to a defect of form. A mistake respecting the date on which the offense occurred has been held to be such a defect of form when not essential to the offense. State v. Dye, 384 So.2d 420, 422 (La.1980). The date of the offense is not essential to the offense of distribution of cocaine. Therefore, the mistake respecting the date on which the offense occurred was one of form, which may be amended at any time. Defendant did not allege, nor do we find, he suffered any prejudice from the mistake or the amendment of the bill of information to correct this mistake.