633 So.2d 309 (1993)
STATE of Louisiana
v.
Larry Joseph WILLIAMS.
No. 93 KA 0058.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
Richard Ward, Dist. Atty., Plaquemine, for State-appellee.
John A. Gutierrez, Gonzales, for defendant-appellant.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
Defendant, Larry Joseph Williams, was indicted by a grand jury with two counts of second degree murder, violations of LSA-R.S. 14:30.1. He pled not guilty and, after trial by jury, was found guilty on each count of the responsive offense of manslaughter, violations of LSA-R.S. 14:31. Defendant was sentenced to twenty-one years at hard labor on each count, to be served concurrently. He has appealed, urging one assignment of error.
Defendant was convicted of two counts of manslaughter for the August 27, 1991, slaying of Charlie Johnese, Jr. and Terrel Q. Bush. According to the trial court's comments at defendant's sentencing hearing, the offenses occurred during a drug deal.

ASSIGNMENT OF ERROR
In his sole assignment of error, defendant contends that the sentences imposed are excessive and not commensurate with the gravity of the offenses, the youthfulness of the offender, and the prior history of criminal activity and are in excess of the sentencing guidelines adopted by the State of Louisiana.
Defendant was sentenced on September 3, 1992. Thus, the new sentencing guidelines (effective January 1, 1992) were in effect. See 17 La.Reg. 1186 (Dec. 20, 1991). See also Acts 1991, No. 22 § 2 & No. 38 § 3. Upon being sentenced by the trial court, defendant objected to the trial court's departure from the sentencing guidelines. However, defendant failed to file or make a motion to reconsider the sentence, and we do not find that the defendant's objection meets this *310 requirement. The failure to file a written motion or make an oral motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal. LSA-C.Cr.P. art. 881.1 D (effective January 31, 1992). See State v. Myles, 616 So.2d 754, 759 (La.App. 1st Cir.1993). Thus, defendant is barred procedurally from having this assignment of error reviewed.
However, even assuming, arguendo, that defendant's objection was sufficient to meet the requirements for an oral motion to reconsider sentence, we still find that the assignment of error lacks merit. Defendant contends that, considering his age, his lack of previous violence against persons, the background of the offenses, and the nature of the crimes, the sentences were excessive. He claims that the maximum statutory sentence he received on each count was far more than what was recommended in the sentencing guidelines.
In sentencing defendant, the trial court stated that it was going to depart from the sentencing guidelines for the following reasons: defendant killed more than one person, defendant was violating the law at the time he committed these crimes, defendant used violence in the commission of the offenses, defendant attempted to conceal the crimes, defendant used a dangerous weapon in the commission of the offenses, and defendant was a danger to society because he was "willing to kill for drugs." Although defendant was sentenced to twenty-one years at hard labor on each count, his sentences are to be served concurrently.
This court will not set aside a sentence solely based on the trial court's failure to impose the sentence in conformity with the new sentencing guidelines. See LSA-C.Cr.P. arts. 881.6 & 894.1 A. See also LSA-C.Cr.P. art. 881.4 D. Furthermore, this court will not set aside a sentence on the ground of excessiveness if the record supports the sentence imposed. See LSA-C.Cr.P. art. 881.4 D.
Section 209(A)(1) of the sentencing guidelines states that the designated sentence range provided in the grid is appropriate for the typical case; that is, an offense committed without aggravating or mitigating circumstances. 18 La.Reg. 47 (Jan. 20, 1992). The court should depart from the designated sentencing range when sufficient aggravating or mitigating circumstances are present significantly to differentiate the case from the typical case arising under the offense of conviction. La.S.G. § 209(A)(3).
"Aggravating circumstance" is a factor which is present to a significant degree, which makes the case more serious than the typical case arising under the offense of conviction. Factors which constitute essential elements of the offense of conviction or separate offenses for which the defendant was convicted and sentenced shall not be considered aggravating circumstances. The following factors constitute aggravating circumstances:
* * * * * *
6. The offender used threats of or actual violence in the commission of the offense.
* * * * * *
10. The offender used a dangerous weapon in the commission of the offense.
* * * * * *
19. Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.
La.S.G. § 209(B), 18 La.Reg. 48 (Jan. 20, 1992).
In the instant case, we find that the trial court gave adequate reasons for its upward departure from the sentencing guidelines and clearly distinguished these offenses from the typical offense of manslaughter. We find no abuse of discretion in the upward departure from the new sentencing guidelines and imposition of the maximum statutory sentences for these offenses. Hence, this assignment of error lacks merit.

PATENT SENTENCING ERROR
Under the authority of LSA-C.Cr.P. art. 920(2), this court routinely reviews appellate records for patent error. After reviewing the record, we have discovered a patent sentencing error; the trial court failed to give defendant credit for time served. See LSA-C.Cr.P. *311 art. 880. Accordingly, we amend the sentences to reflect that defendant is to be given credit for time served prior to the execution of the sentences. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required; however, we remand this case and order the trial court to amend the minute entry of the sentencing to reflect that defendant is to be given credit for time served.

CONCLUSION
For the above reasons, defendant's convictions and sentences are affirmed, as amended. The case is remanded for the trial court to amend the minute entry of sentencing.
CONVICTIONS AND SENTENCES AFFIRMED, AS AMENDED; REMANDED WITH ORDER.