|2LeBLANC, Judge.
Defendant, Clifford Theriot, was charged by bill of information with simple arson, in violation of La.R.S. 14:52 A & C. He pled not guilty and, after a jury trial, was found guilty as charged. Defendant was sentenced to a term of imprisonment at hard labor of three years and nine months, with credit for time served, and was fined the sum of $1000.00. This appeal follows.
FACTS
On August 18, 1991, defendant set fire to Phyllis Rink’s trailer located at the Sundown Trailer Park in Gibson. The following facts were developed at the trial. Vincent Hayes, defendant’s friend and neighbor at the time of the incident, testified that defendant came over to his trailer to visit on August 18,1991. While there, defendant told Hayes that Rink’s car was not in its usual spot and he wanted to borrow some starter fluid so he could burn down her trailer. Hayes stated that he calmed defendant, discouraged him from setting fire to the trailer, and defendant left. Later, defendant and his friend Billy (no surname stated in the record) arrived at Hayes’ trailer and Billy’s hand was bleeding. Billy told Hayes that he had put his hand through the back window of Rink’s trailer and had cut it. Defendant left to acquire some beer, and Hayes bandaged Billy’s injured hand. About 15-20 minutes later, defendant returned to Hayes’ trailer smelling like gas and told them to call the fire department because he had burned down Rink’s trailer. Hayes stated that Phyllis Rink and defendant had been feuding for two years and that defendant told them that he would “burn everybody down if they had [sic] told on him.” Subsequently, defendant was arrested.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred in denying his motion for post-verdict judgment of | gacquittal because the verdict was contrary to the law and the evidence. Specifically, defendant argues that the state has not borne its burden of proof because no one saw defendant burn down the trailer. Further, defendant argues that Vincent Hayes had a motive for burning the trailer and that Billy was the one that broke the trailer window. Defendant’s argument addresses the sufficiency of the evidence.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the state proved the essential elements of the crime beyond a reasonable doubt. See, La. C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the factfinder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (1988). Where the key issue is defendant’s identity as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. *1044 Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984).
La.R.S. 14:52 A provides:
Simple arson is the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in R.S. 14:51 [aggravated arson].
Detective Randy J. Pidger, Sr., of the Ter-rebonne Parish Sheriffs Office testified that he was sent out to the scene and noticed that the back of the trailer had been damaged the most. UDetective Pidger stated that he suspected the point of entry into the trailer was through the back window because the broken glass was scattered on the inside. If the glass had broken due to an explosion caused by the fire, the glass would have been scattered on the outside.
Phyllis Rink testified that she was the owner of the trailer and had lived there for four years with her three children and her boyfriend. About a month prior to the fire, her boyfriend had moved out. When she returned home the day of the incident, her trailer was burning; and, as a result of the fire, she lost everything she owned. Rink testified that defendant lived across the street from her.
Darlene Toups, a resident of the trailer park, testified that she saw defendant running in back of the trailers; he was coming from the direction of Rink’s trailer and ran to Hayes’ trailer. Toups stated that when defendant saw her, he put his fingers to his lips and pointed at her. Later, when all the residents were gathered watching the firemen put out the fire, defendant stared at Toups and told her that he would burn down her trailer, too.
Allen Voissenin testified that he was visiting the Whattens on the day of the incident. The Whattens are residents of the trailer park and are defendant’s neighbors. Voisse-nin testified that he was working on the Whattens’ vehicle outside when he saw defendant running between the trailers. He first met defendant when Voissenin’s radiator overheated earlier in the day and defendant offered him some sealant for it. At that meeting, defendant bragged to him that it was not over between them yet [between Rink and defendant] and that he had been walking up and down the road casing the [Rink’s] trailer. Later, while the trailer park residents were gathered watching the fire, Voissenin overheard defendant threaten Darlene Toups.
15Vincent Hayes testified that defendant stated to him that defendant set fire to Rink’s trailer and asked Hayes to call the fire department. Defendant told Hayes that “Phyllis’s car is gone and now’s my time to get her.” Hayes testified that he was bandaging Billy’s hand when the trailer caught fire. Hayes related an earlier incident in which he and defendant had been attacked by Rink’s son, Scott. As a result of the incident, Hayes broke two fingers and lost part of his thumb. Hayes was charged with disturbing the peace and discharging a weapon, but the charges subsequently were dropped. Hayes testified that there had always been trouble between defendant and Rink’s boyfriend, William White. Since White had moved out, Hayes could not understand why defendant and Rink were still feuding. Hayes testified that he had been convicted of something (he could not remember the exact crime name) and had been placed on unsupervised probation for two years because he had rented a room to two men who had sold drugs.
The defense did not present any evidence.
As the trier of fact, the jury is free to accept or reject, in whole or in part, the testimony of any witness. State v. Patterson, 540 So.2d 515, 518 (La.App. 1st Cir.1989). The credibility of the testimony of a witness is a matter of the weight of the evidence. State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (1989). A determination of the weight to be given evidence is a question of fact for the trier of fact, not subject to appellate review. State v. Payne, 540 So.2d at 524; State v. Patterson, 540 So.2d at 518. Although defendant argues in his brief that Hayes had a motive for setting fire to the trailer (the fight between Hayes and Rink’s son) and that Billy was the one who put his fist through the trailer window, the jury must have believed the testimony of the state witnesses. After a careful *1045 review of the record and the evidence, we find that there was sufficient evidence to uphold defendant’s conviction and that | fthe state did meet its burden of proof. Therefore, for the reasons herein stated, this assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant contends that the sentence imposed is excessive. In his brief, defendant argues that the excessive sentence violates his constitutional rights. Defendant filed a motion to reconsider sentence (which does not specifically state how the sentence is excessive), and it was denied.
Defendant faced a possible sentence of imprisonment with or without hard labor of five years and a fine of up to $2500.00. See La.C.Cr.P. art. 14:52 C. Defendant was fined $1000.00 and sentenced to serve a term of imprisonment at hard labor of three years and nine months. Under the circumstances of this case, we do not find this sentence excessive.
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990). When sentencing defendant, the trial court stated that it had studied defendant’s record and noted that he had been charged with possession of marijuana, contributing to the delinquency of a juvenile, aggravated assault, issuing worthless checks, attempted murder, felony theft, simple burglary, violating the terms of probation, DWT, aggravated battery, criminal damage and theft. The court noted further that defendant previously had been convicted of simple burglary and simple battery. The court stated that defendant’s act was deliberately cruel to the victim and her children. Further, the court noted that, although defendant thought that the victim was absent from the trailer Rbecause her car was gone, he could not be absolutely certain that the trailer was empty and that one or more of the victim’s children did not remain behind. The court stated defendant posed a great threat of harm to the other residents of the trailer park. Because of previous parole violations, the court noted that defendant was not a good candidate for probation. The court stated defendant is in need of correctional treatment which can best be provided by incarceration. The court noted further that the evidence demonstrated defendant caused significant economic loss to the victim and that the state could have charged him with arson to property valued in excess of $500.00, which carries a higher penalty.
The sentence imposed is well within the sentencing range and does not appear to be disproportionate to the offense committed. The record demonstrates that the trial court considered relevant factors in reaching its decision. We find no manifest abuse of discretion in defendant’s sentence. Thus, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.