| .DOWNING, Judge.
The defendant, Willie Michael James, was charged by bill of information with felony theft (count I) and forgery (count II) in violation of La. R.S. 14:67 and La. R.S. 14:72. He initially pled not guilty but later withdrew the plea and entered a plea of guilty to count II. The state dismissed the charge as to count I. The defendant was sentenced to four (4) years imprisonment at hard labor. He now appeals, urging the following two (2) assignments of error:
1. The trial court erred when it imposed an excessive sentence.
2. Defendant-appellant was denied effective assistance of counsel at sentencing.

FACTS

As the defendant pled guilty to the offense for which he was charged, the facts were not fully developed. The prosecutor provided the following statement of facts during the Boykin examination and prior to the trial court’s acceptance of the defendant’s guilty plea:
MR. MURRAY: May it please the court, on September 15, 1997 the defendant went to Ancona’s grocery store located here in East Baton Rouge Parish. There he submitted a counterfeit LSU payroll check in the name of Michael Angelo Costa and transacted receiving the funds for it which was $1925.30. He is not Michael Angelo Costa. They did take a photograph of him, which does match the defendant, and they did track him down as being the person who transacted this check..

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In assignments of error numbers one and two, the defendant first submits that the trial court erred in imposing an excessive sentence. He secondly asserts that he was denied effective assistance of counsel at sentencing as a result of his counsel’s failure to file a motion to reconsider sentence. He specifically argues that he was prejudiced in that this omission [ sby his counsel resulted in the waiver of his right to have this court review his sentence for excessiveness and for the adequacy of the trial court’s compliance with the provisions of La.C.Cr.P. art. 894.1.
La.C.Cr.P. art. 881.1 provides, in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
The instant record does not contain a motion to reconsider sentence nor did the defendant object to the sentence. Under *662 the clear language of Article 881.1D, this failure to file or make a motion to reconsider sentence precludes the defendant from raising the excessiveness argument on appeal. State v. Myles, 616 So.2d 754, 759 (La.App. 1 Cir.1993). Accordingly, the defendant is procedurally barred from having assignment of error number one reviewed. State v. Duncan, 94-1568, p. 2 (La.App. 1 Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc per curiam). However, we will examine the sentence for excessiveness because it is necessary to do so as part of the analysis of the ineffective counsel issue of assignment of error number two. See State v. Bickham, 98-1839, p. 7 (La.App. 1 Cir. 6/25/99), 739 So.2d 887, 891-92.
Effective counsel has been defined to mean “not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to |4render and rendering reasonably effective assistance.” United States v. Fruge, 495 F.2d 557, 558 (5 Cir.1974) (per curiam); see also United States v. Johnson, 615 F.2d 1125, 1127 (5 Cir.1980) (per curiam).
The test for evaluating the competence of trial counsel was articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), wherein the Court stated:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
In evaluating the performance of counsel, the inquiry must be whether counsel’s assistance was reasonable considering all the circumstances. State v. Morgan, 472 So.2d 934, 937 (La.App. 1 Cir.1985). In making the determination of whether the specific errors resulted in an unreliable verdict, the inquiry must be directed to whether there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. State v. Morgan, 472 So.2d at 937. A failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. State v. Robinson, 471 So.2d 1035, 1038-1039 (La. App. 1 Cir.1985).
In the instant case, there is sufficient evidence in the record to determine the ineffectiveness of counsel issue raised in this error.
Louisiana Constitution article I, § 20 prohibits the imposition of an excessive sentence. A sentence is unconstitutionally excessive when it is | ¡¡nothing more than a purposeless and needless imposition of pain and suffering that is grossly out of proportion to the severity of the offense. State v. Williams, 431 So.2d 98, 100 (La.App. 1 Cir.1983). Although a sentence that falls within statutory limits may be excessive, the trial court has great discretion in imposing a sentence and such sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1 Cir.1990). As governed by La. C.Cr.P. art. 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s *663 stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1 Cir.1988). The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1 Cir.1990). In order to determine whether a sentence is grossly disproportionate to the severity of the crime, the court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the punishment is so disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355, 358 (La.1980).
For the instant offense of forgery, the defendant was exposed to a maximum fíne of five thousand dollars, or imprisonment with or without hard labor for a maximum of ten years, or both. See La. R.S. 14:72. Here, the defendant received a sentence of four years at hard labor. Pursuant to a negotiated plea of guilty to the forgery count, the state dismissed the felony theft charge.
The trial court ordered and received a presentence investigation (PSI) report and considered the PSI in imposing sentence. As noted by the trial court, although the defendant was classified a first felony offender, he has an |fiextensive criminal record including alcohol and drug related offenses and crimes against the person. The PSI report recommended a period of incarceration. The trial court also took note of the defendant’s age and family background. After considering all of the evidence in the record, including the facts of the instant offense, the trial court concluded that the defendant would not respond well to probation and was in need of a custodial environment. We find that the trial court demonstrated full compliance with the requirements of La.C.Cr.P. art. 894.1 in that it considered the seriousness of the crime, the facts surrounding the offense, the offender’s personal background and prior criminal record, the likelihood that the offender will commit another crime, and the offender’s rehabilitation potential. The trial court clearly stated for the record the considerations taken into account and the factual basis therefor in imposing the sentence.
We also note that the defendant has benefited from the plea bargain. See State v. Landos, 419 So.2d 475, 478 (La.1982). The defendant was originally charged with two counts including felony theft and the instant offense of forgery. The crime of theft, when the misappropriation or taking amounts to a value of five hundred dollars or more, has a maximum sentencing exposure of a three thousand dollar fine and imprisonment of ten years at hard labor. See La. R.S. 14:67(B)(1). As a result of his guilty plea to the forgery offense, the defendant’s sentencing exposure was significantly lowered.
Finally, we note that the defendant was sentenced to less than one-half of the maximum period of imprisonment allowed for the instant offense of forgery. Thus, we find, even assuming that the defense counsel’s failure to move for reconsideration of the sentence constituted deficient performance, the defendant failed to show the deficient performance prejudiced his |7defense since his sentence is not excessive. Hence, these assignments lack merit.

CONCLUSION

The conviction and sentence of Willie M. James are affirmed.
AFFIRMED.
WALTER I. LANIER, Jr., J. Pro Tern., concurs and assigns reasons.
*664 |/WALTER I. LANIER, Jr., J. Pro Tem., concurs in the result and assigns reasons.
The majority cite La. Const, of 1974, art. I, § 20 as authority to review the individual sentence in this case for excessiveness. For the following reasons, it is my opinion this is not a proper interpretation of this constitutional provision.
The portion of Article I, § 20 applicable herein provides that “[n]o law shall subject any person to ... excessive ... punishment.” (Emphasis added.) The sources of law are legislation and custom. La. C.C. art. 1. Legislation is a solemn expression of legislative will. La. C.C. art. 2. Because law is a solemn expression of legislative will, it is not a solemn expression of executive will or judicial will. La. C.Cr.P. art. 878, entitled cruel or unusual punishment, states that “A sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional.” (Emphasis added). Pursuant to La.C.Cr.P. art. 5, the word shall is mandatory when used in the Code of Criminal Procedure. The defendant herein was sentenced pursuant to La. R.S. 14:72D that provides “[wjhoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.” La.C.Cr.P. arts. 5 and 878 and La. R.S. 14:72D are laws; and, thus, are solemn expressions of the legislative will. My research indicates that these three laws have not been declared unconstitutional. Therefore, they should be followed until they are declared unconstitutional.
For discussions of the jurisprudence pertaining to how the constitutionality of a law may be determined, see Board of Commissioners of North Lafourche Conservation, Levee and Drainage District v. Board of Commissioners of Atchafalaya Basin Levee District, 95-1353 (La.1/16/96), 666 So.2d 636; Allied Signal, Inc. v. Jackson, 96-0138 (La.App. Cir. 2/14/97), 691 So.2d 150, writ denied, 97-0660 (La.4/25/97) 692 So.2d 1091.
The jurisprudential authority by which appellate courts in Louisiana review the sentences in individual cases is State v. Sepulvado, 367 So.2d 762 (La.1979) decided by a divided court. In Sepulvado, 367 So.2d at 767, the majority observed that, pursuant to Article I, § 20 “the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable by this court on appellate review of his conviction.” This jurisprudence has not been overruled and is still in effect. I respectfully disagree with the rationale of the majority in Sepul-vado for the reasons set forth hereinabove and for the additional reasons and authorities cited in the excellent concurring opinion of Judge (now Chief Judge) Carter written on behalf of Judges Lottinger, Cole and himself in State v. Lewis, 430 So.2d 1286, 1290-1293 (La.App. 1 Cir.), writ denied, 435 So.2d 433 (La.1983). However, although I might disagree with Sepulvado, I am not free to disobey it. State ex rel Johnson v. McGougan, 433 So.2d 827 (La.App. 1 Cir.1983).
In my opinion, the Sepulvado rationale creates another legal problem. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13. Thus, Article, I, § 20 pertaining to the constitutionality of laws that impose excessive punishments must be interpreted with La. Const, of 1974, art. V, § 5D that provides the Supreme Court has appellate jurisdiction “if ... a law ... has been declared unconstitutional.” Article V, § 5D is clear and unambiguous. La. C.C. art. 9; La. R.S. 1:4; Bank of New Orleans v. Seavey, 383 So.2d 354 (La. *665 1980). Article V, § 5D does not make a distinction between unconstitutional “as applied” or unconstitutional “totally.” A law is either constitutional or it is not constitutional; I am not aware of a category of laws that are “sorta” unconstitutional. Thus, in my opinion, when a law is unconstitutional because it authorizes an unconstitutionally excessive sentence, it follows that the Supreme Court has appellate jurisdiction to review the sentence pursuant to Article V, § 5D.