NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

18-382



STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

JOSHUA MAYEAUX
aka JOSHUA B. MAYEAUX

    Defendant-Appellant


\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2017-CR-202716
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*


JUDGE
BILLY H. EZELL
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and Candyce G. Perret, Judges.

                           **CONVICTION AND SENTENCE AFFIRMED;
                           MOTION TO WITHDRAW GRANTED.**

**Charles A. Ridde, III**
**District Attorney, Twelfth Judicial District Court**
**Anthony F. Salario, Assistant District Attorney**
**P.O. Box 1200**
**Marksville, Louisiana 71351**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Chad Ikerd**
**Louisiana Appellant Project**
**P. O. Box 2125**
**Lafayette, Louisiana 70502-2125**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Joshua Mayeaux**
    **aka Joshua B. Mayeaux**

**Ezell, Judge.**

Defendant, Joshua B. Mayeaux, was charged by bill of information filed on August 11, 2017, with forgery, a violation of La.R.S. 14:72. Defendant entered a plea of guilty on November 13, 2017.[1] Sentencing was held on February 14, 2018, and Defendant was ordered to serve one year at hard labor. A motion to reconsider sentence was filed, and also denied, on March 8, 2018. A notice of appeal with designation of the record was filed on March 15, 2018, and was granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw. Defendant was advised, via certified mail, that counsel filed an *Anders* brief, and he was given until September 28, 2018, to file a pro se brief, which he did not do. For the following reasons, we affirm the conviction and sentence for forgery and grant appellate counsel's motion to withdraw.

## FACTS

Defendant took a check belonging to Sarah Ducote, made out the check for $825.00, and signed Ducote's name to the check.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

---

[1]Defendant also pled guilty, in a separate lower court docket number, to seven counts of unauthorized use of an access card and was sentenced to three months in the parish jail on each count, to run concurrently with each other and any other sentence previously imposed.

1

ANDERS ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating he could find no errors on appeal that would support the reversal of Defendant's conviction or sentence for forgery. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988). *See also State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241. Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, counsel discusses the procedural history and the facts of the case. Counsel addresses Defendant's right to appeal. He notes there is nothing in the record that expressly states Defendant entered a guilty plea with the

reservation of his right to seek review of his conviction or any pretrial rulings. However, it is "less clear" as to whether Defendant "preserve[d] his right to appeal his *conviction* and/or whether [he] was properly informed he was waiving his right to appeal his conviction." Counsel indicates the judge informed Defendant he had the right to an attorney, to maintain his plea of not guilty, to a trial by jury, to a bench trial, to confront and cross-examine witnesses, to subpoena witnesses, not to testify, and to appeal his case and of the State's burden of proof. The following exchange then transpired between the judge and Defendant:

> Q.    So you understand by pleading guilty you're giving up your right to a trial by jury or by judge, you're giving up your right to confront and cross examine witnesses and you're giving up your right against self-incrimination, do you understand that?
>
> A.    Yes, sir.

Counsel avers the judge never specifically informed Defendant that he was giving up the right to appeal his "case," as the trial court merely acknowledged that right.

Counsel goes on to point out that at sentencing, the judge told Defendant he had thirty days to file an appeal. The judge then said: "Objection to the ruling of the court is noted and error is assigned." However, no verbal objection was made by defense counsel. Counsel affirms there was no written plea agreement; thus, there is no way to establish that Defendant contractually waived his right to appeal the sentence. Counsel then concludes the question of the excessiveness of Defendant's sentence is properly before this court. While counsel feels a first-time offender should have been given probation, he has determined the reasons set out by the judge at sentencing reveal no abuse of the trial court's sentencing discretion.

Forgery carries a sentence of up to ten years, with or without hard labor, and a fine of not more than $5,000. La.R.S. 14:72. Counsel explains that the judge

3

considered various aggravating and mitigating factors in this matter. The judge even acknowledged that sentencing a first offender to jail time could be excessive and looked to case law, including *State v. James*, 01-2292 (La.App. 1 Cir. 3/28/02), 813 So.2d 659, to support the sentence imposed. In *James*, the first circuit upheld a four-year sentence for a first offender convicted of forgery.

Appellate counsel discloses that the judge found that probation was not proper for Defendant because of his repeated criminal infringements that went unpunished after he sought rehabilitation for drug abuse. He notes the judge stated, "It is standard operating procedure and your life has been the committing offense, get arrested, go to treatment and all is forgiven. That cannot happen on this occasion." Counsel notes Defendant received one-tenth of the maximum sentence for forgery, and he does not believe he can make any non-frivolous argument that that sentence was an abuse of discretion.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument, and have confirmed the statements made by appellate counsel. Defendant was properly charged by a bill of information. He was present and represented by counsel at all crucial stages of the proceedings. Additionally, Defendant entered an unqualified guilty plea, and that plea was freely and voluntarily entered after he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The entry of that plea waived all pre-plea non-jurisdictional defects, and no rulings were preserved for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La.1976). *See State v. Aguilar*, 14-714 (La.App. 5 Cir. 1/14/15), 167 So.3d 862. Furthermore, the

4

sentence imposed for forgery was legal, and an argument for excessive sentence on this conviction would be frivolous.

We have found no issues which would support an assignment of error on appeal. Accordingly, Defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.